1   HEATHER E. WILLIAMS, CA Bar #122664
    Federal Defender
2   CHRISTINA M. CORCORAN, NY Bar #5118427
    Assistant Federal Defender
3   Office of the Federal Defender
    2300 Tulare Street, Suite 330
4   Fresno, CA  93721-2226
    Telephone: (559) 487-5561
5   Fax: (559) 487-5950

6   Attorneys for Defendant
    KARINA ALEJANDRA MONROY
7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            Case No. 1:21-cr-00048-DAD

12              Plaintiff,                DEFENDANT KARINA MONROY'S
                                          **UNOPPOSED** MOTION FOR EARLY
13  vs.                                   TERMINATION OF SUPERVISED RELEASE;
                                          ORDER
14  KARINA ALEJANDRA MONROY,
                                          Hon. Dale A. Drozd
15              Defendant.

16

17          Defendant Karina Alejandra Monroy, through her attorney, Assistant Federal Defender

18  Christina M. Corcoran, hereby moves this Court for early termination of her term of supervised

19  release.  The Probation office and the United States Attorney's Office do not oppose this motion.

20                          **PROCEDURAL HISTORY**

21          On December 17, 2019, Ms. Monroy pled guilty to one count of Importation of

22  Methamphetamine in violation of 21 U.S.C. §§ 952 and 960, in the Southern District of

23  California.  She had no prior criminal history.  On June 17, 2020, Ms. Monroy was sentenced to

24  Time Served (318 days), followed by three years of supervised release.

25          On February 25, 2021, jurisdiction was transferred from the Southern District to the

26  Eastern District of California.  ECF Dkt. # 2.  Over the last year and a half, Ms. Monroy has

27  been in compliance with all terms and conditions of her supervised release.

28

1

**LEGAL STANDARD**

2          Title 18, United States Code, Section 3583(e)(1) provides that a court may "terminate a

3   term of supervised release and discharge the defendant released at any time after the expiration

4   of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct

5   of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also* 18 U.S.C.

6   § 3564(c).  Section 3583(e) directs the Court to consider the purposes of sentencing set forth in

7   18 U.S.C. § 3553(a)(1) (nature and circumstances of offense, and history and circumstances of

8   defendant); 3553(a)(2)(b)(adequate deterrence to criminal conduct); 3553(a)(2)(C) (protect

9   public from further crimes of defendant); (a)(2)(D)(provide needed training, care, or treatment);

10  (a)(4) (kinds of sentence available); (a)(5) (policy statements); (a)(6) (avoid unwarranted

11  disparities); and (a)(7) (restitution).

12          Termination of supervised release is not limited to cases of "exceptionally good

13  behavior." *See United States v. Ponce*, 2022 U.S. App. LEXIS 726 (9th Cir. 2022) (rejecting the

14  "exceptional behavior" rule as incorrect as a matter of law).  Rather, the "district court enjoys

15  discretion to consider *a* wide range of circumstances when determining whether to grant early

16  termination." *Ponce*, 2022 U.S. App. LEXIS 726, at 5-6 (quoting United *States v. Emmett*, 749

17  F.3d 817, 819 (9th Cir. 2014) and 18 U.S.C. § 3583(e)(1)).

18          On February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on

19  Criminal Law of the Judicial Conference, issued a memorandum to all United States District

20  Court Judges encouraging them to grant early termination of supervised release in appropriate

21  cases as an effort to reduce expenditures in the probation and pretrial services programs.

22  Terminating "appropriate cases before they reach their full term saves resources and allows

23  officers to focus on offenders who continue to pose the greatest risk of recidivism." Analysis by

24  the Administrative Office of the Courts indicates that offenders who received early termination

25  were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment

26  less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when

27  properly applied, does not jeopardize public safety." *Id.*

28

2

1

**FACTUAL BASIS SUPPORTING MOTION**

2      Counsel has conferred with Ms. Monroy's Probation Officer, Miriam Olea, the

3  prosecuting Assistant United States Attorney in the Southern District, and the United States

4  Attorney's Office in the Eastern District of California.  There is no opposition from any party to

5  this motion for the early termination of Ms. Monroy's supervised release.

6      Ms. Monroy has been designated "low-risk" on supervised release.  For the last year and

7  a half, she has fully complied with all requirements and demonstrated to her Probation Officer's

8  satisfaction that she is more than capable of living a law-abiding life and being a productive

9  member of society.

10     This was Ms. Monroy's one and only criminal conviction and, beyond that, her first

11  contact with the criminal justice system.  At the time of the offense, Ms. Monroy's brother was

12  undergoing expensive treatment for leukemia, and her family was undergoing tremendous

13  financial strain.  She engaged in the conduct at issue, at a particularly desperate time, in an effort

14  to alleviate that stress for her family.  She promptly accepted responsibility in her case by

15  waiving indictment, agreeing to proceed by information, and signing a plea agreement.

16     In addition to Ms. Monroy's steadfast compliance with the conditions of her supervised

17  release, her circumstances have also changed significantly since the time of her sentencing, and

18  these changes also support her early termination from supervised release.  Undersigned counsel

19  is prepared to provide supporting documentation regarding the following, as well as more

20  information if the Court requires it.  However, in light of the unopposed nature of the motion,

21  counsel proffers the following facts.

22     From August 3, 2020 through March 16, 2021, Ms. Monroy participated in counseling

23  services with Legacy Behavioral Services.  Ten months ago, Ms. Monroy's counselor terminated

24  these services based on the assessment "that [Ms. Monroy's] clinical goals had been met."

25     Three months ago, on October 23, 2021, Ms. Monroy gave birth to twin girls, Tammie

26  and Briana in a high-risk pregnancy.  Ms. Monroy has not been working because of her

27  pregnancy; however only three months after the birth of her children, she is already actively

28  looking for employment, and she is also considering going back to school.  Overall, she is very

1    much absorbed in motherhood at this important time for her newborn girls.

2        Ms. Monroy's circumstances changed most drastically approximately one month after her

3    release.  At that time, Ms. Monroy lost custody of two children in a custody battle with her

4    children's father; and, unfortunately, her federal case was leveraged by opposing counsel and

5    was a significant factor in that loss.  Ms. Monroy seeks to reunite her growing family and to take

6    the steps required to regain her parental rights.  According to Ms. Monroy, her family law

7    attorney believes that the early termination of her supervised release would be meaningful in her

8    efforts to regain custody of her children in family court.  Specifically, the granting of a motion to

9    terminate her supervised release would in a sense formalize for the record Probation's

10   assessment that Ms. Monroy has succeeded on supervised release, that she is capable of leading a

11   law-abiding life, and that she is no longer in need of additional supervision.   The more time that

12   goes by without having custody of her children, the more difficult it will be for her to re-establish

13   her place in their lives.  Termination of supervision will therefore also serve the interest of

14   justice because it will allow her to address the unanticipated and severe collateral consequences

15   of her conviction on her family.

16       In light of Ms. Monroy's excellent conduct under supervision, the very low risk of

17   recidivism, and the aforementioned circumstances, the early termination of Ms. Monroy's

18   supervised release both meets the statutory requirements.  It is also aligned with the policy

19   objectives of the judiciary pertaining to supervised release, as it will allow the Probation Office

20   to focus its resources on offenders who pose the greatest risk of recidivism.

21                                    **CONCLUSION**

22       Based on the foregoing, Ms. Monroy respectfully requests that this Court grant her

23   unopposed motion for early termination of supervised release.

24

25

26

27

28

1

2          Respectfully submitted,

3
           HEATHER E. WILLIAMS
4          Federal Defender

5    /

6    Date: January 19, 2022          */s/ Christina M. Corcoran*
                                      CHRISTINA M. CORCORAN
7                                     Assistant Federal Defender
                                      Attorney for Defendant
8                                     KARINA ALEJANDRA MONROY

9
                              **ORDER**
10

11         Pursuant to 18 U.S.C. § 3583(e), the Court hereby terminates Defendant Karina

12   Monroy's term of supervised release.

13
     IT IS SO ORDERED.
14

15       Dated:   **January 20, 2022**        _____
                                              UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28